**Spangler License**

*J. K. Bonidy*, for appellant.

*E. T. Hammer, Jr.*, for Secretary of Revenue.

WEISS, P.J., April 2, 1964.—This is an appeal by Robert S. Spangler from an order of the Secretary of Revenue suspending his operating privileges. The action of the secretary is based on an alleged violation of section 1002(b)(6) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, in that defendant operated a motor vehicle in excess of the applicable 50 miles per hour speed limit.

Two patrolmen from the Penn Township Police Department, Robert Little and Edward Falta, each testified that they had followed defendant in a patrol vehicle and that defendant was traveling at a rate of speed in excess of the permissible speed on the Harrison City-Export Road, on Sunday, November 11, 1962, at 1:20 a.m. Preliminary to this testimony, the Commonwealth offered into evidence an official certificate of speedometer accuracy issued for the police vehicle driven by

the two patrolmen. Defendant objected to its admission into evidence. We delayed decision on its admissibility and proceeded with the hearing as all witnesses were before the court. Defendant, being corroborated by his wife, who was a passenger in the car, testified that at no time did he exceed the speed limit.

We now turn to the question of admissibility of the official certificate into evidence. Defendant contends that (1) the official certificate was improperly prepared, and (2) the official certificate shows that patrol vehicle was equipped with a speedometer which was not tested for accuracy within 30 days of the alleged speeding violation.

The first contention is based on the absence of a statement in the certificate that the official testing station adjusted the speedometer of the police vehicle for accuracy. The certificate does, however, clearly state that the speedometer was tested for accuracy, the test was made on October 11, 1962, and that it was found to be 99 percent accurate. Although in times past the official certificate had in all instances to conform to the requirement that it indicate that an adjustment for accuracy had been made (see, e.g., Commonwealth v. Loos, 67 D. & C. 586 (1949)), since the amendment of May 28, 1956, P. L. (1955) 1769, and under the present act, the official certificate need show that the speedometer was adjusted for accuracy only if such an adjustment was necessary: Act of April 29, 1959, P. L. 58, sec. 1002, as amended, 75 PS §1002(d)(1). Where, as here, no showing appears that any adjustment was necessary, the official certificate of the testing station properly omitted a statement of any such adjustment.

Defendant's second contention is based on the lapse of time between the date of preparation of the certificate, October 11, 1962, and the date of the alleged offense, November 11, 1962. Section 1002(d)(1) re-

quires, inter alia, that a peace officer use ". . . a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation." We adopt the rule for computation of the 30-day period which is enunciated by the Statutory Construction Act of May 28, 1937 and adopted by our judicial brethren in such cases, by excluding the first day and including the last day of the period: 46 PS §538; Commonwealth v. Nahas, 18 Beaver 230 (Q.S., 1956). Thus it is that the thirtieth day of the period in question falls on Saturday, November 10, 1962.

The Commonwealth, however, contends that, although 30 days had elapsed from the date of the test to the day prior to the alleged offense, we should omit from computation of the 30-day period the day of November 10, 1962, as this was a Saturday. In support of this position, we are referred to the same section which we used to compute the 30-day period, and this section states, in pertinent part, ". . . whenever the last day of any such period shall fall on Saturday or Sunday . . ., such day shall be omitted from the computation": Statutory Construction Act of May 28, 1937, P. L. 1019, art. III, sec. 38, as amended, 46 PS §538.

The Commonwealth, therefore, contends the speedometer was still tested for accuracy on Sunday, November 11, 1962, the date of the alleged offense. By the reasoning advanced by the Commonwealth, the certificate would also support this speedometer's accuracy until Monday, November 13th, as Sunday would also be omitted from computation. The certificate in question would, therefore, support the speedometer's accuracy for 32 days from the date the official testing station certified the accuracy of the speedometer. We reject this contention. It is our belief that the rule of construction stated above was not intended to apply

to this situation *where mechanical efficiency is the issue*. The legislature has provided that 30 days is the limit of time during which the trustworthiness of the delicate machinery of a speedometer can be presumed; thereafter, it cannot.

We do not consider it inconsistent to apply the rule for computing time which excludes the first day and includes the last day, while rejecting the application of the second rule enunciated in the same section of the Statutory Construction Act. The former is a rule of convenience in the Commonwealth and is a statutory embodiment of the general common-law rule which disregards parts of the day in computing time. The rule requiring omission of Saturday from the count, if it be the last day, is not a rule of the common law, and was embodied in statute only by the recent amendment of August 11, 1959, P. L. 691, sec. 1. We hold it was not intended to apply to section 1002 (d) (1) of The Vehicle Code.

We do not feel that we are imposing an undue burden upon the officials whose duties lie in proper enforcement of the law in our Commonwealth and feel the rights of all concerned will be better protected.

We, therefore, hold the official certificate to be inadmissible in evidence. Inasmuch as there is no competent evidence appearing in this matter to support the alleged violation of The Vehicle Code, the Department of Revenue abused its discretion in suspending the operating privileges of defendant, and, therefore, the appeal will be sustained.

### ORDER

And now, April 2, 1964, it is ordered, adjudged and decreed that the appeal of Robert S. Spangler be sustained, and the Secretary of Revenue is hereby ordered to reinstate the operating privileges of appellant forthwith.